UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| Estate of MOHAMMED REZA ABDOLLAHI, et al., | NO. CIV. S-02-2488 FCD JFM (Consolidated Cases) |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |
| _____/ | |
| Estate of MATTHEW McEVERS, et al., | |
| Plaintiffs, | NO. CIV. S-06-2161 FCD JFM |
| v. | |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |
| _____/ | |
| HARRY E.W. McEVERS, | |
| Plaintiff, | NO. CIV. S-06-2864 FCD JFM PS |
| v. | |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |
| _____/ | |

```
ROCIO ALVARADO, guardian ad
litem for A.D.L., a minor, and
A.G.L., a minor, et al.,
                                    NO. CIV. S-07-0661 FCD JFM
        Plaintiffs,                 (Consolidated Cases)

    v.

COUNTY OF SACRAMENTO, et al.,

        Defendants.
_____/
ERIC MARTIN,
                                    NO. CIV. S-07-0863 FCD JFM
        Plaintiff,

    v.

COUNTY OF SACRAMENTO, et al.,

        Defendants.
_____/
```

----oo0oo----

This matter is before the court on motions to intervene in a number of related cases, filed by applicant Eric Martin ("Martin" or "applicant"). All defendants oppose applicant's motions.[1] For the reason's set forth below,[2] applicant's motions to intervene are DENIED.

**BACKGROUND**

These related cases all arise out of suicides or attempted suicides at the Sacramento County jail. The first of these cases was filed in 2002, *Estate of Mohammad Reza Abdollahi, et al. v. County of Sacramento, et al.*, No. Civ 02-2488 (the "Abdollahi

---

[1] Applicant filed identical motions in all of the related cases at issue. As such, the court addresses all motions in this order.

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

2

litigation"). Subsequently, two actions arising out of the May 2005 suicide of Matthew McEvers, a federal pretrial detainee at the Sacramento County Jail, were filed in 2006, *Estate of Matthew McEvers, et al. v. County of Sacramento, et al.*, No. Civ. 06-2161, and *McEvers v. County of Sacramento, et al.*, No. Civ. 06-2864 PS (the "McEvers litigation"). In 2007, two actions were filed arising out of the April 2005 suicide of David Lopez, a prisoner at the Sacramento County jail, *Alvarado v. County of Sacramento, et al.*, No. Civ. 07-0661, and *Servantez v. County of Sacramento*, No. Civ. 07-1492 (the "Alvarado litigation"). These two cases were consolidated on March 3, 2008. (Order [Docket # 29], filed Mar. 3, 2008.) The most recent case, *Eric Martin v. County of Sacramento, et al.* (the "Martin litigation"), was filed in May 2007 by applicant Martin, an inmate at the Sacramento County Jail who attempted suicide in September 2005. Martin, a pro se plaintiff, has moved to intervene in the all of the other related actions.[3]

**ANALYSIS**

**I.   Intervention as of Right**

Plaintiff first asserts that he should be permitted to intervene as of right under Federal Rule of Civil Procedure 24(a). Rule 24(a)(2) governs applications for intervention as of right and provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action

---

[3] Martin also filed a motion to intervene in the action in which he is already the named plaintiff. Applicant's motion to intervene in the Martin litigation is DENIED as MOOT.

3

> may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a) (2008). In the absence of a statute conferring an unconditional right to intervene,[4] the applicant must demonstrate that: (1) the application is timely; (2) the applicant has an interest in the subject matter of the litigation; (3) absent intervention, applicant's interest will be impaired; and (4) the existing parties inadequately represent the applicant's interests. League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997). The focus of the court's inquiry should be the effect on the applicant, not on other parties to the litigation. See 6 William Moore's Federal Practice 3d Ed. § 24.03(1)(c) (2003).

**A.  Timeliness**

Timeliness is "the threshold requirement" for intervention as of right. United States v. Oregon, 913 F.2d 576, 588 (9th Cir. 1990). If the court finds "that the motion to intervene was not timely, [it] need not reach any of the remaining elements of Rule 24." Wilson, 131 F.3d at 1302 (quoting United States v. Washington, 86 F.3d 1499, 1503 (9th Cir. 1996)). In determining whether a motion is timely, the court considers: (1) the stage of the proceedings; (2) the prejudice to other parties; and (3) the reason for and length of the delay. United States ex rel. McGough v. Covington Techs., 967 F.2d 1391, 1394 (9th Cir. 1992). "[A]ny substantial delay weighs heavily against intervention." Wilson, 131 F.3d at 1302. (citations omitted).

---

[4] There is no such applicable statute in this case.

4

Applicant's failure to timely file is dispositive with respect to his motion to intervene in the Abdollahi litigation. The Abdollahi litigation commenced in November 2002. Subsequently, the court heard and ruled upon dispositive motions, including lengthy motions for summary judgment. All parties have submitted notice of settlement with the court, and the County defendants assert that they are in the process of filing a Request for Dismissal. The interjection of an intervenor at this stage in the litigation would unnecessarily broaden the litigation and prejudice the parties in the action, who have already reached resolution of their claims. See Smith v. Marsh, 194 F.3d 1045, 1051 (9th Cir. 1999) (denying a motion to intervene on timeliness grounds because, inter alia, intervenors sought to "inject new issues and matters that are well beyond the scope of applicants' claims and [] defenses, thus expanding the scope of the litigation and causing delay"). As such, it is clear that applicant's motion to intervene in the Abdollahi litigation is untimely and is, therefore, DENIED.[5]

**B.  Interest in the Subject Matter of the Litigation**

In order to intervene as of right, the applicant must also show that he has a significantly protectable interest in the subject matter of the litigation. Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 527 (9th Cir. 1983). In order to satisfy this requirement, and applicant must demonstrate both (1) "the

---

[5] Defendants in the other related cases do not dispute the issue of timeliness in their oppositions to applicant's motion. Moreover, while each of these cases are at varying stages of litigation, all are still in their pretrial stages, and no motions for summary judgment have yet been filed.

5

interest is protected under some law"; and (2) "there is a relationship between the legally protected interest and the claims at issue.'" Arakaki v. Cayetano, 324 F.3d 1078, 1084 (quoting Sierra Club v. EPA, 995 F.2d 1478, 1484 (9th Cir. 1993)).  An applicant satisfies the relationship requirement only if the resolution of the plaintiff's claims will directly affect the applicant.  Id.; see also Greene v. United States, 996 F.2d 973, 977-78 (9th Cir. 1993).  Moreover, an intervenor is not permitted to inject new, unrelated issues into the pending litigation.  Id. at 1086 (citing Sierra Club, 995 F.2d at 1484).

Applicant fails to demonstrate that he has a significantly protectable interest in the related litigation.  As an initial matter, while applicant asserts that he has an interest in the litigation, he does not identify what that interest is.  However, even assuming applicant has an interest arising out of the alleged common policy of deliberate indifference to suicidal prisoners or pretrial detainees that was applied both to him and to relatives of those involved in the related cases, applicant has failed to demonstrate that he satisfies the relationship requirement.  Applicant proffers no evidence or argument to support the assertion that the resolution of plaintiffs' claims will directly affect him.  Rather, even if there are common issues relating to a general policy, applicant's intervention in the related cases would inject new, unrelated issues into the pending litigation.  Specifically, applicant's claims are based upon separate incidents of treatment and evaluation, conduct by

different defendants,[6] and a separate suicide attempt months after the suicides at issue in the McEvers litigation and the Alvarado litigation. Therefore, because applicant has failed to demonstrate a significantly protectable interest in the related litigation, applicant's motions for intervention as of right are DENIED.[7]

## II. Permissive Intervention

Applicant also seeks permissive intervention pursuant to Rule 24(b). Rule 24(b) governs applications for permissive intervention and provides:

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b) (2008). A court may grant permissive intervention where the applicant demonstrates (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a common question of law or fact. Wilson, 131 F.3d at 1308 (quotations and citation omitted). Even if the applicant satisfies these

---

[6] The court notes that defendant Sokolov is also named as a defendant in the Alvarado litigation. However, Sokolov appears to be the only shared defendant between the Martin litigation and the related cases.

[7] Moreover, the court finds that the remaining two elements also counsel against intervention as of right. Applicant has failed to demonstrate that his interest will be impaired as a result of his failure to intervene; in fact, he has filed his own litigation in which he is the named plaintiff. Further, he has failed to set forth any evidence or argument regarding why any interest he may have in the related litigation is not adequately represented.

7

requirements, the court has discretion to deny intervention based upon other considerations relevant to the individual circumstances of the case before it. See Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998); Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir. 1989); Orange County v. Air Cal., 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court."). Such circumstances include the likelihood that intervention will unduly delay the main action or will unfairly prejudice the existing parties. Id. Unlike intervention as of right, permissive intervention focuses on possible prejudice to the original parties to the litigation, not the intervenor. See Moore's Federal Practice 3d Ed. § 24.10(1) (2003).

Applicant has not directly addressed the standard for permissive intervention. However, assuming arguendo that applicant has demonstrated the requisite elements, the court, in its discretion, denies applicant's motion. As set forth above, applicant's suit is based upon factually separate and distinct events from those that are the predicate of the related litigation. Interjection of applicant's claims in the other cases would both complicate and delay adjudication of those plaintiffs' claims by requiring defendants to investigate and litigate factual issues specific to applicant. Moreover, such litigation would be duplicative of applicant's own currently pending litigation. Applicant has proffered no evidence or argument that his separate litigation is an inferior means of pressing his claims. As such, applicant's motions for permissive intervention are DENIED.

**CONCLUSION**

For the reasons stated above, applicant's motions to intervene are DENIED.

IT IS SO ORDERED.

DATED: July 15, 2008

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE