VAN LONGYEAR, CSB No. 84189
JENNIFER MARQUEZ, CSB No. 232194
NATASHA N. LANGENFELD, CSB NO. 250944
Longyear, O'Dea and Lavra, LLP
3620 American River Drive, Suite 230
Sacramento, CA. 95864
Telephone: (916) 974-8500
Facsimile: (916) 974-8510

Attorneys for Defendants County of Sacramento,
Sheriff Lou Blanas, Captain Mark Iwasa

**UNITED STATES DISTRICT COURT  EASTERN DISTRICT**

**OF CALIFORNIA SACRAMENTO DIVISION**

| | |
|---|---|
| Estate of MATTHEW McEVERS, et al. | **CASE NO. 2:06-CV-02161 LRH RAM** |
| Plaintiff | |
| v. | **AMENDED PROTECTIVE ORDER** |
| COUNTY OF SACRAMENTO, et al. | |
| Defendants. | |

Per Court Order (See Court Docket No. 99), Internal Affairs Investigation No. 2005IA-023, and documents from Defendant Angela Eisentrout's personnel file, are hereby subject to a protective order and all parties agree to produce documents pursuant to the following provisions:

1. In connection with discovery proceedings in this action, the parties hereby designate the following production of documents, as "Confidential" under the terms of this Protective Order (hereinafter "Order"). All documents produced pursuant to this protective order are from the personnel file of Defendant Angela Eisentrout, and are responsive to Plaintiff's Request for Production of Documents, Sets Three and Four, propounded to the COUNTY OF SACRAMENTO. The confidential information produced pursuant to this protective order has not been made public and is part of a designated law enforcement officer's personnel file.

By designating these documents as "Confidential," under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26 (g).

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL".  Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.  All documents produced pursuant to this protective order are bates stamped and watermarked "CONFIDENTIAL""DO NOT DUPLICATE".

3. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action, and for no other purpose.

4. Confidential Material produced pursuant to this Order may be disclosed or made available only to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel).  This information may be provided to any expert retained for consultation and/or trial.  In the event that this confidential information is given to an expert per this order, counsel that retained the expert shall provide a copy of this order with the confidential information.

5. The Confidential Material produced pursuant to this Order will be redacted with respect to law enforcement officers and officers of the court, including: (i) current home addresses; (ii) current home or personal telephone numbers; (iii) social security numbers; (iv) dates and places of birth.  Each redaction must be identified by showing what information has been redacted (*i.e.*, "current address," "current home telephone," "social security number," etc.) This provision complies with Eastern District Local Rule 39-140.

6. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

7. This Order is entered for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

8. Nothing in this Protective Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does it result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

9. In the event any party claims that it has inadvertently disclosed information subject to the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, upon discovery of the inadvertent disclosure, the party shall promptly notify the opposing party thereof. Immediately upon receiving such notice, counsel for the party who received the allegedly inadvertently-disclosed privileged information shall sequester all identified information (including any and all copies) in its offices until the matter has been resolved either by agreement of the parties or by an order of this Court. With respect to the application of any claim of privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement as to the return and/or use of such Documents within ten (10) court days of such notice, the producing party may, within ten (10) court days thereafter, petition the Court on an expedited basis to resolve the matter. If the party alleging an inadvertent disclosure makes an adequate showing, reasonable under the circumstances, of both inadvertence and privilege, the Court shall order all such information returned to the party who inadvertently produced them.

10. If Protected Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Protected Information and prevent further disclosure of it by the person who was the recipient of such information.

11. This Order shall survive the final termination of this action, to the extent that the CONFIDENTIAL information is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return all documents, material, and deposition transcripts designated as confidential and all copies of the same to counsel for Defendant COUNTY OF SACRAMENTO, Longyear, O'Dea & Lavra, LLP, 3620 American River Drive, Suite 230, Sacramento, CA 95864 who produced the CONFIDENTIAL records.

**IT IS SO AGREED.**

Dated: September 22, 2009          LAW OFFICE OF STEWART KATZ

                                   By: /s/ Stewart Katz
                                       STEWART KATZ
                                       Attorney for Plaintiffs

Dated: September 22, 2009          MORENO & RIVERA

                                   By: /s/ Jesse Rivera
                                       JESSE M. RIVERA
                                       JONATHAN B. PAUL
                                       Attorneys for Defendant Eisentrout

Dated: September 22, 2009          LAW OFFICE OF DANNY BRACE, JR.

                                   By: /s/ Danny Brace
                                       DANNY BRACE
                                       Attorneys for Defendant U.S. Marshal
                                       Antonio Amador

| | | |
|---|---|---|
| 1 | Dated: September 22, 2009 | UNITED STATES DEPARTMENT OF JUSTICE |
| 2 | | By: /s/ David DeJute |
| | | Thomas P. O'Brien |
| 3 | | United States Attorney |
| | | Leon W. Weidman |
| 4 | | Assistant United States Attorney |
| | | David DeJute |
| 5 | | Assistant United States Attorney |
| | | Attorneys for Defendant United States |
| 6 | | |
| 7 | Dated: September 22, 2009 | MENNEMEIER GLASSMAN & STROUD |
| 8 | | By: /s/ Stephen Lau |
| | | KEN MENNEMEIER |
| 9 | | STEPHEN LAU |
| | | Attorneys for Defendants Duncan and Hall |
| 10 | | |
| 11 | Dated: September 22, 2009 | PLAINTIFF, IN PRO PER |
| 12 | | By: /s/ Harry McEvers |
| | | HARRY McEVERS |
| 13 | | Plaintiff In Pro Per |
| 14 | Dated: September 22, 2009 | LONGYEAR, O'DEA & LAVRA, LLP |
| 16 | | By: /s/ Natasha N. Langenfeld |
| | | NATASHA N. LANGENFELD |
| 17 | | Attorneys for Defendants County of Sacramento, Sheriff Lou Blanas, Captain Mark Iwasa |

**IT IS SO ORDERED.**

Dated: _____  September 23, 2009

_____
UNITED STATES MAGISTRATE JUDGE

# PROOF OF SERVICE

**CASE NAME:** Estate of Matthew McEvers, et al. V. County of Sacramento, et al.
**CASE NO.:** 2:06-CV-02161 FCD JFM

I am employed in the County of Sacramento. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 3620 American River Drive, Suite 230, Sacramento, CA 95864.

I am familiar with this office's practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area. Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.

On September 22, 2009, I served the following:

**AMENDED PROTECTIVE ORDER**

XX  United States Mail - on all parties in said action by placing a true copy of the above-described document(s) enclosed in a sealed envelope in the designated area for outgoing mail addressed as set forth below.

**Plaintiff In Pro Per:**
Harry McEvers
P.O. Box 661371
Sacramento, CA 95866

XX  FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on September 22, 2009, at Sacramento, California.

/s/ M. Sauvain
Employee of Longyear, O'Dea & Lavra, LLP

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510