| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of MATTHEW McEVERS, deceased, by and through BRETT McEVERS and GABRIEL McEVERS (minors through their mother and guardian ad litem Shannon McEvers) and SHANNON McEVERS, as successors in interest; BRETT McEVERS, Individually; GABRIEL McEVERS, Individually; SHANNON McEVERS, Individually; and LYNETTE McEVERS, Individually,<br>Plaintiffs,<br>vs.<br>COUNTY OF SACRAMENTO; Sacramento County Sheriff's Department Sheriff LOU BLANAS; Sacramento County Sheriff's Department Captain MARK IWASA; Sacramento County Sheriff's Deputy ANGELA EISENTROUT; Federal U.S. Marshal ANTONIO AMADOR; Deputy U.S. Marshal KRIS KUELPER; Deputy U.S. Marshal Federal Pre-trial Services Chief ROBERT DUNCAN; Federal Pre-trial Services officer SANDRA HALL; the UNITED STATES OF AMERICA<br>Defendants.<br>_____/ | CASE NO. 2:06-CV-02161 LRH RAM<br><br>STIPULATION OF PARTIES REQUESTING COURT APPROVAL OF SETTLEMENT OF MINORS' CLAIMS AGAINST SACRAMENTO COUNTY; ORDER |

PURSUANT TO LOCAL RULE 202, the parties to the above-referenced action by and through their undersigned attorneys hereby stipulate and respectfully request the Court to approve the settlement of the minors' claims as to Sacramento County defendants only in this matter for the reasons set forth below.

## BASIS FOR APPROVAL OF PROPOSED SETTLEMENT OR COMPROMISE OF MINORS' CLAIMS

The above referenced case involves plaintiffs Brett McEvers and Gabriel McEvers, who are the minor sons of the decedent Matthew McEvers.

The above-referenced matter was a civil rights action brought under 42 U.S.C. section 1983, with supplemental state law claims, on behalf of the decedent who committed suicide at the Sacramento County Main Jail. The action was brought against various defendants who have been consistently described as the Sacramento County and federal defendants. The Sacramento County defendants are the County of Sacramento, Sacramento County Sheriff's Department Sheriff Lou Blanas, Sacramento County Sheriff's Department Captain Mark Iwasa, and Sacramento County Sheriff's Deputy Angela Eisentrout. The federal defendants are U.S. Marshal Antonio Amador, Deputy U.S. Marshal Kris Kuelper, Deputy U.S. Marshal Federal Pre-trial Services Chief Robert Duncan, former Federal Pre-trial Services officer and current Chief Sandra Hall, and the United States of America. Plaintiffs claimed that both individual and entity defendants were responsible for the decedent's death.

This compromise does not include or reference the claims of Harry McEvers, who is the decedent's father and is representing himself in his action against the Sacramento County defendants. He has not brought any action against any of the federal defendants.

Extensive discovery has been conducted in this case. Sacramento County defendants and plaintiffs participated in a private mediation. Subsequent to that mediation and additional discovery being conducted, the parties arrived at this proposed settlement, which has been approved by the Sacramento County Board of Supervisors.

A separate settlement regarding the federal defendants has been tentatively reached with the United States Attorney regarding the federal defendants for $661,000 contingent upon agency approval which the parties are still awaiting. It is anticipated that a separate proposed minors' stipulation and order will be filed regarding those claims in approximately one (1) month.

This motion seeks approval of settlement with all Sacramento County defendants as it applies to the minors in this matter.

1. **Minors' names:** Brett McEvers and Gabriel McEvers
2. **Age/Sex of Minors:** Brett McEvers is a six year old male, DOB 03/01/2004; Gabriel McEvers is an eight year old male, DOB 03/06/2002.
3. **Causes of Action:** The causes of action to be settled in this case on behalf of the minors involve both federal and state law claims based on plaintiffs' allegations that defendants failed to take appropriate measures to prevent the suicide of decedent Matthew McEvers and that this failure was attributed to deficient policies and procedures.
4. **Factual Basis:**

Matthew McEvers committed suicide on May 18, 2005, at the Sacramento County Main Jail. McEvers was a federal pre-trial detainee housed at the Sacramento County Main Jail pursuant to a contract between the United States and Sacramento County. McEvers, who was living at Wright Air Force base in Ohio where his wife was on active duty, was facing federal criminal charges for causing physical injuries to his younger son, Brett.

In August 2004, McEvers was allowed to return to Sacramento, where he was from and where his family lives, subject to the terms of pre-trial supervision. During his release he lived with his mother, Lynette McEvers, and his stepfather.

On May 13, 2005, Matthew McEvers' pre-trial release was terminated because of continued contact with his wife and children and because of alcohol abuse, both of which were contrary to the terms of his release. Deputy U.S. Marshals Kris Kuelper and Mark Groboske arrested him without incident at his mother and stepfather's home.

Matthew's stepfather called Pre-trial Services Officer Sandy Hall almost

immediately after McEvers was taken into custody to warn her of his concerns that McEvers might be suicidal. Hall claims and Kuelper denies that she relayed this information to Kuelper with the belief that this information would be passed along to the Sacramento Main Jail. It is undisputed that no information regarding this report of McEvers' risk of suicide was relayed to or received by anyone at the Sacramento County Main Jail.

On May 17, 2005, the day before Matthew McEvers committed suicide, McEvers' mother spoke with Hall and expressed her fears of her son's suicidality because he stated in a recorded jail telephone call that he was going to hang himself. There is a factual dispute between Hall and Mrs. McEvers as to the exact content of their conversation, though their versions are generally in accord as to the length of the call and that the subject of his suicidality was discussed. It is undisputed that neither Hall nor McEvers' mother forwarded any of the information referenced in this call to either the jail or any of the marshals.

Inmate social telephone calls from the Sacramento Main Jail are all recorded; however, these calls are neither monitored contemporaneously or reviewed as a matter of course.

The morning of May 18, 2005, McEvers committed suicide by hanging. McEvers was in a general population cell with no heightened suicide precautions in effect. His housing unit was short-staffed and it was later learned that some of the reported safety cell checks, which were documented, had, in fact, not been made. The understaffing, failure to perform hourly cell checks and falsification of records was the basis of the liability of the County defendants. Defendant Eisentrout was fired from her position as Deputy Sheriff as a result of her actions in connection with McEvers' death and untruthful statements made during the course of the investigation into his death.

5. **Extent of Injuries:** The minor plaintiffs' injuries in this action are emotional injuries resulting from the loss of the love and support of their father and economic injuries resulting from the loss of their father's financial support.

At the time of Matthew McEvers' death, he was legally prohibited (though this legal mandate had been disregarded) from seeing his children due to the nature of the charges, and he was facing a period of imprisonment.

While on supervised release, Matthew McEvers, who was a high school graduate, was working as a cable television installer and was contributing several hundred dollars a month towards the support of his children's financial needs.

6. **Compromise determination:** As noted above, the plaintiffs have reached separate settlement agreements with the County defendants and federal defendants. The federal portion is still awaiting agency approval. The liability and theories of liability as to the Sacramento County defendants and federal defendants are independent of each other.

A settlement was reached with Sacramento County because the plaintiffs sought both closure and to avoid the uncertainties of trial (as to both liability and damages). The actions and claims were vigorously contested by the county defendants.

Plaintiffs recognized that while they may well have been able to prove many of their contentions regarding understaffing and the failure to perform cell checks, the causal link legally between these deficiencies and Matthew McEvers' death would have been difficult to establish. This would likely have resulted for plaintiffs in a slightly uphill battle of experts, which would have survived summary judgment, but had a less than even chance of winning a trial. A significant part of Sacramento County's motivation to settle was a recognition of their considerable costs of defense, which included two groups of lawyers, due to a conflict with the terminated ex-Sheriff's Deputy Eisentrout, multiple and costly expert witnesses, and the risk of an attorneys fee award, should plaintiffs prevail at trial. This risk was compounded by the fact that the federal defendants would likely have cast aspersions in Sacramento County's direction, the risk of jury apportioning the liability so that despite only bearing a small percentage of the blame Sacramento County could be held responsible for all attorney fees incurred, and lastly that Sacramento County's defense was to a degree dependant upon the testimony of defendant Eisentrout who had been fired for dishonesty.

All attorneys involved in this action, including plaintiffs', recognize that factually and legally the claims against the Sacramento County defendants were significantly more problematic than those against the federal defendants.

The proposed settlement in this case will help meet the boys' present needs and significantly improve their prospects to lead productive lives.

The action resolved against the County defendants for a total sum of $250,000.00 with the understanding that the funds be allocated in that:

- $50,000.00 be placed in a blocked account in a federally insured institution for the benefit of Gabriel McEvers until he reaches eighteen years of age, unless the Court authorizes the withdrawal and expenditure of any portion of those funds. However, a Certificate of Deposit (CD) may be purchased at the same bank and is to be in the same name as the account for Gabriel McEvers that has been established without further order of the Court.
- $50,000.00 be placed in a blocked account in a federally insured institution for the benefit of Brett McEvers until he reaches eighteen years of age, unless the Court authorizes the withdrawal and expenditure of any portion of those funds. However, a Certificate of Deposit (CD) may be purchased at the same bank and is to be in the same name as the account for Brett McEvers that has been established without further order of the Court.
- $20,000.00 be paid to Shannon McEvers;
- $20,000.00 be paid to Lynette McEvers;
- $110,000.00 be paid to the Law Office of Stewart Katz for fees and costs.

A copy of the settlement and release as to the claims against the County defendants is attached as Exhibit 1. The attached Settlement Agreement and Release is for the minor plaintiffs, as well as the wife and mother of McEvers. It is signed by plaintiff Shannon McEvers the mother of the minor children who is designated the guardian ad litem in this matter, and by plaintiff Lynette McEvers, the mother of Matthew McEvers.

The minors' money can thus be Court approval accessed to both help meet any unexpected immediate needs of the children who live with their mother and also help provide the children with a greater opportunity to be financially able to obtain a college or advanced vocational education.

**7. Attorney's Fees and Costs.**

Plaintiffs' attorney, Stewart Katz, was hired in late 2005 by plaintiffs through their guardian ad litem and has handled their case throughout these proceedings. The allocation of $110,000.00 to Attorney fees and costs represent significantly less than plaintiffs' counsel would be entitled to under the fee agreement in the event that no fees were awarded or the amount of the fees that plaintiffs' counsel would have been entitled to pursuant to a fee award.

Under the terms of the agreement in the absence of a fee award, due to the length of time the case was litigated, the attorney would be entitled to $122,807.57 in fees and costs.

Counsel's office spent over 1,037 hours prosecuting the civil rights action. Based on hourly rates of $350.00 (784.5 hours) for Stewart Katz; $ $150.00 (138.6 hours) for Guy Danilowitz; $300.00 (14.1 hours) for Costa Kerestenzis; $250.00 (10.0 hours) for Joseph George Jr.; and $75.00 (90.25 hours) for paralegal Erica Ballinger, the attorney's fees totaled $308,863.75.

Attached as Exhibit 2 are the costs associated with the civil rights action as to the Sacramento County defendants. Those costs equal $4834.85.

Finally, plaintiffs' counsel notes that the amount of the settlement for fees and costs is appropriate as it has been approved by the guardian ad litem for the minors, and given the risk taken by plaintiffs' counsel to prosecute this matter. Counsel took the matters on a contingency basis and advanced all fees and costs and thus went unpaid during the prosecution of this action.

///

///

| | | |
|---|---|---|
| 1 | Dated: 3/10, 2010 | LAW OFFICE OF STEWART KATZ |
| 2 | | |
| 3 | | _____ |
| 4 | | STEWART KATZ, |
| | | Attorney for Plaintiffs |
| 5 | | |
| 6 | Dated: 3-10, 2010 | LONGYEAR, O'DEA & LAVRA, LLP |
| 7 | | |
| 8 | | _____ |
| 9 | | VAN LONGYEAR, |
| | | Attorney for Defendants County of |
| 10 | | Sacramento, Lou Blanas and Mark Iwasa |
| 11 | | |
| 12 | Dated: March 8, 2010 | _____ |
| 13 | | BRETT McEVERS, a minor, through |
| | | his Guardian Ad Litem, SHANNON |
| 14 | | McEVERS and as successor in interest of |
| | | the Estate of Matthew McEvers |
| 15 | | |
| 16 | | |
| 17 | Dated: March 8, 2010 | _____ |
| | | GABRIEL McEVERS, a minor, through |
| 18 | | his Guardian Ad Litem, SHANNON |
| | | McEVERS and as successor in interest of |
| 19 | | the Estate of Matthew McEvers |
| 20 | | |
| 21 | Dated: March 8, 2010 | _____ |
| | | SHANNON McEVERS, Individually and as |
| 22 | | successor in interest of the Estate of Matthew |
| 23 | | McEvers |
| 24 | | |
| 25 | Dated: March 10, 2010 | _____ |
| 26 | | LYNETTE McEVERS, Individually |
| 27 | | |
| 28 | | |

8

IT IS SO ORDERED:

Dated: March 18, 2010.

_____
LARRY R. HICKS
United States District Judge

# EXHIBIT 1

# FULL AND FINAL RELEASE OF ALL CLAIMS

For and in consideration of the payment of the sum of two hundred fifty thousand dollars ($250,000.00) which is accepted in full compromise, settlement and satisfaction of and in sole consideration for the final release and discharge of all actions, claims and demands whatsoever that now exist or may hereafter accrue against the County of Sacramento (County), and all other employees, and/or agents of the County, the undersigned hereby releases the County and all others described above, and forever discharges the County and its agents and employees, as described above, against all claims, demands, actions, and causes of action, arising out of or which in any way are incident to those certain accidents, casualties, or events which occurred on or about May 18, 2005, as described in the complaint and amendments on file entitled: *Estate of Matthew McEvers, deceased, by and through Brett McEvers and Gabriel McEvers (minors through their mother and guardian ad litem Shannon McEvers) and Shannon McEvers, as successors in interest; Brett McEvers, Individually, Gabriel McEvers, Individually, Shannon McEvers, Individually, and Lynette McEvers, Individually v. County of Sacramento, et al.,* United States District Court Eastern District of California, Case No. 2:06-cv-02161 LRH RAM (referred to as the "action" or the "case"), which is incorporated herein as though set forth at length, and for which the undersigned claims the County, and its employees, and/or agents, are legally liable in damages. The County and all others deny liability and dispute the nature and amount of damages.

**The undersigned agree that this release shall not be deemed or treated as an admission of liability or responsibility by the County or anyone for the claims made in this case.**

The undersigned warrant that no promise or inducement has been offered except as set forth herein. The undersigned further warrant that this release is executed without reliance upon any statement or representation by the persons or parties released or their representatives.

The undersigned agree as further consideration and inducement for this compromise and settlement, that it is a full and final release of and from any and all claims, demands, actions, and causes of action of any kind or nature whatsoever, present or future, known or unknown, contemplated or uncontemplated, **arising out of or connected with this case**, whether for injury to person or property or because of death, and for any and all damages of any kind whatsoever which have been or which may hereafter be incurred or sustained by the undersigned in connection therewith and which might exist against the parties being released herein or any other person in favor of the undersigned.

The undersigned hereby expressly waive the provisions of Section 1542 of the Civil Code of the State of California which reads as follows:

> **General Release - Claims Extinguished.**
>
> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

As further consideration and inducement for this release and payment, it is declared by the undersigned that any and all known liens against the undersigned and/or *Matthew McEvers* relating in any manner to the alleged damages and/or conditions which are the subject of this action have been paid and satisfied in full, or will be satisfied from the proceeds of this settlement. It is further agreed and understood that all unknown and/or future such liens, if any, will be paid by the undersigned without any payment by any of the parties being released hereby.

The undersigned expressly agree to hold harmless and to indemnify the parties being released herein from any and all claims and liens for services or money expended on behalf of the undersigned as a result of said incident, including but not limited to claims of governmental entities or Medi-Cal or Medicare and liens for workers' compensation or insurance liens.

This release shall be binding upon the heirs, executors, administrators, and assigns of the undersigned and is entered into by the undersigned freely, voluntarily, and without fraud, duress, or undue influence, and full recommendation and approval by the undersigned attorney who has discussed this matter with the undersigned, for the purpose of compromising and settling any and all disputes between the undersigned and the parties released.

The undersigned agrees that this agreement was the product of negotiation and in the event of a dispute regarding the interpretation of the terms, no party shall be deemed the "drafter" for the purpose of any adverse inference.

The undersigned hereby warrant his/her/their authority to enter into this release and to the extent that the undersigned act on behalf of another, *including minor children Brett McEvers and*

*Gabriel McEvers*, the undersigned warrants his/her authority to act in the capacity represented.

The word "undersigned" includes the plural as well as the singular when more than one person executes this release.

This agreement may be executed in any number of counterparts, each of which shall be an original, but all of which together shall constitute one instrument. Each of the parties below may execute this agreement through separate signature pages, with, as necessary, appropriate verifications of their signatures, which will then be incorporated into one final document, which will then constitute the parties' final agreement. When all signatures have been assembled into one final document, copies of same will be provided to the parties, by and through their respective counsel.

Signed and acknowledged this __8__ day of __March__, 2010, at __Brevard, North Carolina__

_____
BRETT McEVERS, a minor, through his Guardian Ad Litem, SHANNON McEVERS and as successor in interest of the Estate of Matthew McEvers

_____
GABRIEL McEVERS, a minor, through his Guardian Ad Litem, SHANNON McEVERS and as successor in interest of the Estate of Matthew McEvers

_____
SHANNON McEVERS, Individually and as successor in interest of the Estate of Matthew McEvers

Witness:

Dated: __3/8/10__

Full and Final Release of All Claims
*McEvers v. County of Sacramento, et al.*

Signed and acknowledged this 10th day of March, 2010, at Sacramento, Ca.

_____
LYNETTE McEVERS, Individually

Witness:

Dated: 3/10/2010

_____

**Approved as to form only.**

Dated: 3-10-10

_____
STEWART KATZ
Attorney for Plaintiffs

# EXHIBIT 2

## McEVERS v. COUNTY OF SACRAMENTO, ET AL.
## Case No. 2:06-CV-02161-LRH-RAM
## Costs

| DATE | EXPENSE | COST |
|---|---|---|
| 08/02/05 | Capitol City Copy: Sacramento County Main Jail Records | $35.00 |
| 09/06/05 | Capitol City Copy: Sacramento County Main Jail Records | $51.21 |
| 09/29/06 | U.S. District Court: Filing Fees | 350.00 |
| 02/16/07 | Sacramento Private Investigations: Regarding Angela Eisentrout | $262.50 |
| 05/07/07 | All Pro Attorney Services: Service on Angela Eisentrout | $34.35 |
| 05/13/08 | Walgreens: Color Photos for Rule 26 Disclosure | $27.41 |
| 11/24/08 | Petrilla Reporting &Transcription | $17.00 |
| 10/16/09 | Golden State Reporting & Video: Deposition of Angela Eisentrout | $879.65 |
| 11/06/09 | Longyear O'Dea & Lavra: Plaintiffs' Portion of Airline Travel for Shannon McEvers to attend Mediation with County of Sacramento (Total Fare: $2,622.00) | $874.00 |
| 11/06/09 | Richard L. Gilbert: Mediation with County of Sacramento | $950.00 |
| 12/02/09 | Phillips Legal Services: Deposition of Shannon McEvers | $550.58 |
| 12/17/09 | Golden State Reporting & Video: Deposition of Christopher Martin | $386.40 |
| 12/17/09 | Golden State Reporting & Video: Deposition of Mark Medeiros | $416.75 |
| | **TOTAL:** | **$4,834.85** |