1

**LAW OFFICE OF STEWART KATZ**
2
Stewart Katz, SBN # 127425
Guy Danilowitz, SBN # 257733
3
555 University Avenue, Suite 270
Sacramento, CA 95825
4
(916) 444-5678

5
Attorney for Plaintiffs
6
Estate of MATTHEW McEVERS, deceased, by and through BRETT McEVERS and
GABRIEL McEVERS (minors through their mother and guardian ad litem Shannon
7
McEvers) AND SHANNON McEVERS as successors in interest; BRETT McEVERS,
Individually; GABRIEL McEVERS, Individually; SHANNON McEVERS, Individually;
8
and LYNETTE McEVERS, Individually

9
**UNITED STATES DISTRICT COURT**

10
**EASTERN DISTRICT OF CALIFORNIA**

11

12 | Estate of MATTHEW McEVERS, deceased, by      CASE NO. 2:06-CV-02161 LRH RAM
and through BRETT McEVERS and GABRIEL
13 | McEVERS (minors through their mother and
guardian ad litem Shannon McEvers) and
14 | SHANNON McEVERS, as successors in            **STIPULATION OF PARTIES**
interest; BRETT McEVERS, Individually;         **REQUESTING COURT APPROVAL**
15 | GABRIEL McEVERS, Individually;                **OF SETTLEMENT OF MINORS'**
SHANNON McEVERS, Individually; and            **CLAIMS AGAINST DEFENDANTS**
16 | LYNETTE McEVERS, Individually,                **ANTONIO AMADOR, KRIS**
Plaintiffs,            **KUELPER, ROBERT DUNCAN,**
17 |                                               **SANDRA HALL, THE UNITED**
18 |                   vs.                         **STATES OF AMERICA, AND ANY**
**OTHER UNNAMED AGENTS OF**
19 | COUNTY OF SACRAMENTO; Sacramento             **THE UNITED STATES OF**
County Sheriff's Department Sheriff LOU        **AMERICA; [PROPOSED] ORDER**
20 | BLANAS; Sacramento County Sheriff's
Department Captain MARK IWASA;
21 | Sacramento County Sheriff's Deputy ANGELA
EISENTROUT; Federal U.S. Marshal
22 | ANTONIO AMADOR; Deputy U.S. Marshal
KRIS KUELPER; Deputy U.S. Marshal Federal
23 | Pre-trial Services Chief ROBERT DUNCAN;
Federal Pre-trial Services officer SANDRA
24 | HALL; the UNITED STATES OF AMERICA
25 |
26 |                Defendants.
27 | _____/
28

STIIPULATION REQUESTING APPROVAL OF MINORS' CLAIMS AGAINST                    I
FEDERAL DEFENDANTS; [PROPOSED] ORDER

PURSUANT TO LOCAL RULE 202, the parties to the above-referenced action by and through their undersigned attorneys hereby stipulate and respectfully request the Court to approve the settlement of the minors' claims as to defendants Antonio Amador, Kris Kuelper, Robert Duncan, Sandra Hall, The United States of America, and any other unnamed agents of the United States of America (hereinafter "Federal Defendants") in this matter for the reasons set forth below.

## BASIS FOR APPROVAL OF PROPOSED SETTLEMENT OR COMPROMISE OF MINORS' CLAIMS

The above-referenced case involves plaintiffs Brett McEvers and Gabriel McEvers, who are the minor sons of the decedent Matthew McEvers.

The above-referenced matter is a civil rights action brought under 42 U.S.C. section 1983, with supplemental state law claims, regarding the suicide of Matthew McEvers at the Sacramento County Main Jail. The action was brought against various defendants who have been consistently described as Sacramento County Defendants and Federal Defendants. The Sacramento County Defendants are the County of Sacramento, Sacramento County Sheriff's Department Sheriff Lou Blanas, Sacramento County Sheriff's Department Captain Mark Iwasa, and Sacramento County Sheriff's Deputy Angela Eisentrout. The Federal Defendants are U.S. Marshal Antonio Amador, Deputy U.S. Marshal Kris Kuelper, Deputy U.S. Marshal Federal Pre-trial Services Chief Robert Duncan, former Federal Pre-trial Services officer and current Chief Sandra Hall, and the United States of America. Plaintiffs claimed that both individual and entity defendants were responsible for the decedent's death.

Extensive discovery has been conducted in this case. The Federal Defendants and plaintiffs participated in a private mediation with former United States District Judge for the Eastern District of California, Raul Ramirez. At that mediation, a settlement was reached between the Federal Defendants and plaintiffs, contingent upon agency approval. The appropriate federal agencies have now approved that settlement.

1       A separate settlement was reached with the Sacramento County Defendants prior to

2   the federal mediation for the sum of $250,000.00. All parties at the mediation involving the

3   Federal Defendants were aware of the terms of the settlement with the Sacramento County

4   Defendants.

5       This motion seeks approval of settlement with the Federal Defendants as it applies to

6   the minors in this matter.

7     1.   **Minors' names:**   Brett McEvers and Gabriel McEvers

8     2.   **Age/Sex of Minors:**   Brett McEvers is a six year old male, DOB 03/01/2004;

9   Gabriel McEvers is an eight year old male, DOB 03/06/2002.

10    3.   **Causes of Action:**   The causes of action to be settled in this case on behalf of the

11  minors involve both federal and state law claims based on plaintiffs' allegations that the

12  Federal Defendants failed to take appropriate measures to prevent the suicide of decedent

13  Matthew McEvers.

14    4.   **Factual Basis:**

15      Matthew McEvers committed suicide on May 18, 2005, at the Sacramento County

16  Main Jail. McEvers was a federal pre-trial detainee housed at the Sacramento County Main

17  Jail pursuant to a contract between the United States and Sacramento County. McEvers,

18  who was living at Wright Air Force base in Ohio where his wife was on active duty, was

19  facing federal criminal charges for causing physical injuries to his younger son, Brett.

20      In August 2004, McEvers was allowed to return to Sacramento, where he was from

21  and where his family lives, subject to the terms of pre-trial supervision. During his release

22  he lived with his mother, Lynette McEvers, and his stepfather.

23      On May 13, 2005, Matthew McEvers' pre-trial release was terminated because of

24  continued contact with his wife and children and because of alcohol abuse, both of which

25  were contrary to the terms of his release. Deputy U.S. Marshals Kris Kuelper and Mark

26  Groboske arrested him without incident at his mother and stepfather's home.

27      Matthew's stepfather called Pre-trial Services Officer Sandy Hall almost

28  immediately after McEvers was taken into custody to warn her of his concerns that McEvers

STIIPULATION REQUESTING APPROVAL OF MINORS' CLAIMS AGAINST
FEDERAL DEFENDANTS; [PROPOSED] ORDER

3

1   might be suicidal. Hall claims and Kuelper denies that she relayed this information to
2   Kuelper with the belief that this information would be passed along to the Sacramento Main
3   Jail. It is undisputed that no information regarding this report to a Federal Defendant of
4   McEvers' risk of suicide was relayed to or received by anyone at the Sacramento County
5   Main Jail.

6   On May 17, 2005, the day before Matthew McEvers committed suicide, McEvers'
7   mother spoke with Hall and expressed her fears of her son's suicidality because he stated in
8   a recorded jail telephone call that he was going to hang himself. There is a factual dispute
9   between Hall and Mrs. McEvers as to the exact content of their conversation, though their
10  versions are generally in accord as to the length of the call and that the subject of his
11  suicidality was discussed. It is undisputed that neither Hall nor McEvers' mother forwarded
12  any of the information referenced in this call to either the jail or any of the marshals.

13  Inmate social telephone calls from the Sacramento Main Jail are all recorded;
14  however, these calls are neither monitored contemporaneously nor reviewed as a matter of
15  course. Recordings of McEvers' telephone calls confirmed his having explicitly expressed
16  his suicidal intentions.

17  The morning of May 18, 2005, McEvers committed suicide by hanging.

18  5.   **Extent of Injuries:**   The minor plaintiffs' injuries in this action are emotional
19  injuries resulting from the loss of the love and support of their father and economic injuries
20  resulting from the loss of their father's financial support.

21  At the time of Matthew McEvers' death, he was legally prohibited (though this legal
22  mandate had been disregarded) from seeing his children due to the nature of the charges, and
23  he was facing a period of imprisonment.

24  While on supervised release, Matthew McEvers, who was a high school graduate,
25  was working as a cable television installer and was contributing several hundred dollars a
26  month towards the support of his children's financial needs.

27  6.   **Compromise determination:** As noted above, the plaintiffs have reached separate
28  settlement agreements with the Sacramento County Defendants and Federal Defendants. On

STIPULATION REQUESTING APPROVAL OF MINORS' CLAIMS AGAINST
FEDERAL DEFENDANTS; [PROPOSED] ORDER

4

1   March 18, 2010, the Court approved the parties' stipulation regarding the settlement of the
2   minors' claims against the Sacramento County Defendants. The liability and theories of
3   liability as to the Sacramento County Defendants and Federal Defendants are independent of
4   each other.

5       A settlement was reached with the Federal Defendants because plaintiffs sought both
6   closure and to avoid the uncertainties of trial as to damages, in particular, due to Matthew
7   McEvers' limited work history and questions surrounding his future contact with the
8   children because of various court orders.

9       The Federal Defendants were motivated to settle because the United States was
10  liable for the non-constitutional torts of its agents acting in the scope of their employment.
11  The anticipated trial scenario would have involved at least two of its agents, Deputy U.S.
12  Marshal Kuelper and Federal Pre-trial Services Officer Hall, pointing fingers at and
13  ascribing liability to each other. In a best case scenario, neither of the two would have been
14  individually liable for constitutional torts. In a worst case scenario, both would have been
15  individually liable for constitutional torts. In any case, the United States would have been
16  directly liable for the actions and failures to act of its agents.

17      There was additional financial motivation for the United States to settle as it had
18  already retained two separate sets of outside counsel. There was the prospect that a third
19  outside attorney would have been required to defend Kuelper. Should this matter have
20  proceeded to trial, the United States would have expended a substantial additional amount in
21  attorneys' fees which would have been unlikely to improve the position of the United States
22  in this case.

23      Finally, the United States recognized that they were responsible for their agents'
24  actions that contributed to McEvers' death and that a fair resolution was the right thing to
25  do.

26      The total proposed settlement with the Federal Defendants totals $661,000.00 with
27  the understanding that the funds be allocated in that:

28

STIIPULATION REQUESTING APPROVAL OF MINORS' CLAIMS AGAINST
FEDERAL DEFENDANTS; [PROPOSED] ORDER

5

1  • $200,000.00 be placed in a blocked account in a federally insured institution for the

2  benefit of Gabriel McEvers until he reaches eighteen years of age, unless the Court

3  authorizes the withdrawal and expenditure of any portion of those funds.  The

4  money may be deposited in multiple federally insured institutions if the amount at

5  any one institution exceeds the maximum amount of a deposit that can be federally

6  insured.  However, a Certificate of Deposit (CD) may be purchased at the same bank

7  and is to be in the same name as the account for Gabriel McEvers that has been

8  established without further order of the Court.

9  • $200,000.00 be placed in a blocked account in a federally insured institution for the

10  benefit of Brett McEvers until he reaches eighteen years of age, unless the Court

11  authorizes the withdrawal and expenditure of any portion of those funds.  The

12  money may be deposited in multiple federally insured institutions if the amount at

13  any one institution exceeds the maximum amount of a deposit that can be federally

14  insured.  However, a Certificate of Deposit (CD) may be purchased at the same bank

15  and is to be in the same name as the account for Brett McEvers that has been

16  established without further order of the Court.

17  • $43,937.33 be paid to Shannon McEvers;

18  • $43,937.33 be paid to Lynette McEvers;

19  • $162,624.85 be paid to the Law Office of Stewart Katz for fees.

20  A copy of the settlement and release as to the claims against the Federal Defendants

21  is attached as Exhibit 1.  The attached Settlement Agreement and Release is for the minor

22  plaintiffs, as well as the wife and mother of McEvers.  It is signed by plaintiff Shannon

23  McEvers, the mother of the minor children who is designated the guardian ad litem in this

24  matter, and by plaintiff Lynette McEvers, the mother of Matthew McEvers.

25  The minors' money can thus be accessed (subject to Court approval) to both help

26  meet any unexpected immediate needs of the children who live with their mother and also

27  help provide the children with a greater opportunity to be financially able to obtain a college

28  or advanced vocational education.

STIPULATION REQUESTING APPROVAL OF MINORS' CLAIMS AGAINST
FEDERAL DEFENDANTS; [PROPOSED] ORDER

6

**7. Attorney's Fees and Costs.**

Plaintiffs' attorney, Stewart Katz, was hired in late 2005 by plaintiffs through their guardian ad litem and has handled their case throughout these proceedings. This compromise allocates twenty-five percent of the recovery from the Federal Defendants, less costs, in attorneys' fees. This amount of fees is less than plaintiffs' counsel would have been entitled to pursuant to a fee award and is consistent with the applicable statutory provisions.

In total, plaintiffs' counsel's office spent over 1,050 hours prosecuting the civil rights action. Based on hourly rates of $350.00 (795.7 hours) for Stewart Katz; $150.00 (143.8 hours) for Guy Danilowitz; $300.00 (14.1 hours) for Costa Kerestenzis; $250.00 (10.0 hours) for Joseph George Jr.; and $75.00 (90.25 hours) for paralegal Erica Ballinger, the attorney's fees totaled $313,563.75.

Attached as Exhibit 2 are the costs associated with the civil rights action as to the Federal Defendants. Those costs equal $10,500.49. (None of these costs are duplicative of any of the costs allocated to the portion of the case against the Sacramento County Defendants.)

Finally, plaintiffs' counsel notes that the amount of the settlement for fees and costs is appropriate as it has been approved by the guardian ad litem for the minors, and given the risk taken by plaintiffs' counsel to prosecute this matter. Counsel took the matters on a contingency basis and advanced all fees and costs and thus went unpaid during the prosecution of this action.

Plaintiffs' case settled against the Sacramento County Defendants and Federal Defendants for a total of $911,000.00 of which $250,000.00 was allocated to Gabriel McEvers, $250,000.00 was allocated to Brett McEvers, $63,937.33 was allocateed to Shannon McEvers, $63,937.33 was allocated to Lynette McEvers; $267,790.00 was allocated to the Law Office of Stewart Katz for fees; and $15,335.34 was allocated to pay costs of the lawsuit.

STIPULATION REQUESTING APPROVAL OF MINORS' CLAIMS AGAINST
FEDERAL DEFENDANTS; [PROPOSED] ORDER

7

1    This stipulation may be executed in any number of counterparts, each of which shall

2    be an original, but all of which together shall constitute one instrument.  Each of the parties

3    below may execute this agreement through separate signature pages, with, as necessary

4    appropriate verifications of their signatures, which will then be incorporated into one final

5    document, which will then constitute the parties' final stipulation.  When all signatures have

6    been assembled into one final document, copies of same will be provided to the parties, by

7    and through their respective counsel.

8

9    Dated: 4 - 2 1 , 2010                     LAW OFFICE OF STEWART KATZ

10

11                                              _____
                                                STEWART KATZ
12                                              Attorney for Plaintiffs

13

14   Dated: 4.27.10 , 2010                      ANDRÉ BIROTTE JR.
                                                United States Attorney
15                                              LEON W. WEIDMAN
                                                Assistant United States Attorney
16                                              Chief, Civil Division
17

18                                              _____
19                                              DAVID A. DEJUTE
                                                Assistant United States Attorney
20                                              Attorney for the United States
21

22   Dated: 4/18/2010 , 2010                    _____
23                                              BRETT McEVERS, a minor, through
                                                his Guardian Ad Litem, SHANNON
24                                              McEVERS and as successor in interest of
                                                the Estate of Matthew McEvers
25

26

27   //
     //
28   //

STIPULATION REQUESTING APPROVAL OF MINORS' CLAIMS AGAINST                               8
FEDERAL DEFENDANTS; [PROPOSED] ORDER

1

Dated: _4/18_____ , 2010

_____
GABRIEL McEVERS, a minor, through
his Guardian Ad Litem, SHANNON
McEVERS and as successor in interest of
the Estate of Matthew McEvers

2

3

4

5

Dated: _4/18_____ , 2010

_____
SHANNON McEVERS, Individually and as
successor in interest of the Estate of Matthew
McEvers

6

7

8

9

Dated: _4/21/10_ , 2010

_____
LYNETTE McEVERS, Individually

10

11

12

13   **IT IS SO ORDERED:**

14

15

16   Dated: _5/11/10_____

_____
United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

STIIPULATION REQUESTING APPROVAL OF MINORS' CLAIMS AGAINST
FEDERAL DEFENDANTS; [PROPOSED] ORDER

9

# EXHIBIT 1

1   ANDRÉ BIROTTE JR.
    United States Attorney
2   LEON W. WEIDMAN
    Assistant United States Attorney
3   Chief, Civil Division
    DAVID A. DeJUTE
4   Assistant United States Attorney
    California Bar No. 153527
5        Room 7516, Federal Building
         300 North Los Angeles Street
6        Los Angeles, California  90012
         Telephone:  (213) 894-2574
7        Facsimile:  (213) 894-7819
         Email: david.dejute@usdoj.gov
8
    Attorneys for the United States
9

10               UNITED STATES DISTRICT COURT

11           FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13   Estate of MATTHEW McEVERS, deceased,   ) No. 06-CV-02161 LRH RHM
     by and through BRETT McEVERS and       )
14   GABRIEL McEVERS (minors through their  )
     mother and guardian ad litem Shannon   ) STIPULATION FOR
15   McEvers) and SHANNON McEVERS, as       ) COMPROMISE SETTLEMENT
     successors in interest; BRETT          ) ON BEHALF OF THE UNITED
16   McEVERS, Individually; GABRIEL         ) STATES AND ALL FEDERAL
     McEVERS, Individually, SHANNON         ) DEFENDANTS;
17   McEVERS, Individually; and LYNETTE     )
     McEVERS, Individually,                 ) AND,
18                                          )
             Plaintiffs,                    ) [PROPOSED] ORDER
19                                          ) THEREON
             v.                             )
20                                          )
     COUNTY OF SACRAMENTO; Sacramento       )
21   County Sheriff's Department Sheriff    )
     LOU BLANAS; Sacramento County          )
22   Sheriff's Department Captain MARK      )
     IWASA; Sacramento County Sheriff's     )
23   Deputy ANGELA EISENTROUT; Federal      )
     U.S. Marshal ANTONIO AMADOR; Deputy    )
24   U.S. Marshal KRIS KUELPER; Federal     )
     Pre-trial Services Chief ROBERT        )
25   DUNCAN; Federal Pre-trial Services     )
     Officer SANDRA HALL; and the UNITED    )
26   STATES OF AMERICA,                     )
                                            )
27           Defendants.                    ) Hon. Larry R. Hicks
                                            )
28

1     **IT IS HEREBY STIPULATED AND AGREED,** by and between
2   plaintiffs Estate of MATTHEW McEVERS, deceased, by and through
3   BRETT McEVERS and GABRIEL McEVERS (minors through their mother
4   and guardian ad litem Shannon McEvers) and SHANNON McEVERS, as
5   successors in interest; BRETT McEVERS, Individually; GABRIEL
6   McEVERS, Individually, SHANNON McEVERS, Individually; and LYNETTE
7   McEVERS, Individually ("Plaintiffs") and defendant UNITED STATES
8   OF AMERICA ("Defendant") that the above-entitled action may be
9   settled and compromised on the following terms and conditions:
10      1.    The Defendant shall pay to Plaintiff the sum of Six
11  Hundred Sixty-One Thousand Dollars ($661,000), which sum shall be
12  in full settlement and satisfaction of any and all claims,
13  demands, rights, and causes of action of whatsoever kind and
14  nature, arising from the incident or circumstances giving rise to
15  this suit, which Plaintiffs or their heirs, executors,
16  administrators, or assigns, and each and any of them, now have or
17  may hereafter acquire against the Defendant or any of the
18  Defendant's agents, servants or employees, including, but not
19  limited to, the federal officials individually named as
20  defendants; that is, defendants Federal U.S. Marshal ANTONIO
21  AMADOR; Deputy U.S. Marshal KRIS KUELPER; Federal Pre-trial
22  Services Chief ROBERT DUNCAN; and Federal Pre-trial Services
23  Officer SANDRA HALL.
24      2.    Plaintiffs and their heirs, executors, administrators
25  or assigns hereby execute a general release of the Defendant and
26  agree to accept the sum of Six Hundred Sixty-One Thousand Dollars
27  ($661,000) in full settlement and satisfaction of any and all
28  claims, demands, rights, and causes of action of whatsoever kind

2

1    and nature arising from the incident or circumstances giving rise

2    to this suit, which Plaintiffs may have or hereafter acquire

3    against the Defendant, or against its agents, servants or

4    employees, on account of the same subject matter that gave rise

5    to the above-captioned lawsuit, including any future claim for

6    personal injury, lost earnings, lost income, or medical expenses.

7        3.    In addition, and notwithstanding anything to the

8    contrary contained herein, Plaintiffs explicitly release any and

9    all claims against the Defendant and all other defendants which

10   the Plaintiffs do not know or suspect to exist in their favor at

11   the time they execute this stipulation and general release, which

12   if known to Plaintiffs would have materially affected Plaintiffs'

13   settlement with the Defendant.

14       4.    Plaintiffs and their heirs, executors, administrators

15   and assigns further agree to reimburse, indemnify and hold

16   harmless the Defendant, as well as its agents, servants, and

17   employees, from any and all causes of action, claims, liens,

18   rights, or subrogated or contribution interests incident to or

19   resulting from further litigation or the prosecution of claims by

20   Plaintiffs or their heirs, executors, administrators or assigns

21   against any third party or against the Defendant, arising out of

22   the incident or circumstances giving rise to this suit.

23       5.    This Stipulation for Compromise Settlement shall not

24   constitute an admission of liability or fault on the part of the

25   Defendant, or its agents, servants, or employees, and is entered

26   into by all parties herein for the purpose of compromising

27   disputed claims and avoiding the expenses and risks of

28   litigation.

3

6.   It is also agreed, by and among the parties, that the sum of Six Hundred Sixty-One Thousand Dollars ($661,000) represents the entire amount of the compromise settlement, and that the respective parties will each bear their own costs, fees, and expenses, and that any attorneys' fees owed by the Plaintiffs will not be paid in addition to the terms of this Stipulation and Compromise Settlement.

7.   Payment of the sum of Six Hundred Sixty-One Thousand Dollars ($661,000), the disbursement of which is contingent upon the approval of the Court of the concurrently filed stipulation of Minors' Compromise, will be made by check, processed by the National Finance Center, made payable as follows:

| NAME | AMOUNT |
|------|--------|
| Law Office of Stewart Katz Client Trust Account | $661,000 |

8.   Plaintiffs agree that they will be obligated to pay any and all liens from any and all insurance companies, health care providers, attorneys, and any and all other persons or organizations who have or claim to have subrogated or assigned claims arising out of or related to the subject matter of this suit.

9.   In consideration of the payment of the sum of Six Hundred Sixty-One Thousand Dollars ($661,000), as set forth above, Plaintiffs agree that the above-captioned action may be dismissed with prejudice.  The Court shall retain jurisdiction pending payment of the settlement amount.

4

1    10.   Any and all individual taxation consequences as a
2  result of this Stipulation are the sole and exclusive
3  responsibility of the Plaintiffs.  Defendant does not warrant any
4  representation of any tax consequences of this Stipulation.
5  Nothing contained herein shall constitute a waiver by Plaintiffs
6  of any right to challenge any tax consequences of this
7  Stipulation.

8    11.   This written agreement contains all of the agreements
9  between the parties, and is intended to be and is the final and
10 sole agreement between the parties.  The parties agree that any
11 other prior or contemporaneous representations or understandings
12 not explicitly contained in this written agreement, whether
13 written or oral, are of no further legal or equitable force or
14 effect.  Any subsequent modifications to this agreement must be
15 in writing, and must be signed and executed by the parties.

16    12.   The undersigned represent that they have reviewed and
17 understand this agreement, and that they are fully authorized to
18 enter into the terms and conditions of this agreement and that
19 they agree to be bound thereby.  This agreement may be executed
20 in counterparts, all of which, when taken together, shall
21 constitute one agreement with the same force and effect as if all
22 signatures had been entered on one documents.  Signatures
23 transmitted and received via facsimile shall be regarded as
24 original signatures.

25 DATED:                      LAW OFFICE OF STEWART KATZ
      4-21-10
26
27                            _____
                             STEWART KATZ
28                           Attorney for Plaintiff

                              5

1   DATED:  4/18/10          BRETT McEVERS

2

3                           _____

4                           BRETT McEVERS, a minor, through his
                            Guardian Ad Litem, SHANNON McEVERS, and
                            as successor in interest of the Estate
5                           of Matthew McEvers

6

7   DATED: 4/18/10          GABRIEL McEVERS

8

9                           _____

10                          GABRIEL McEVERS, a minor, through his
                            Guardian Ad Litem, SHANNON McEVERS, and
                            as successor in interest of the Estate
11                          of Matthew McEvers

12

13  DATED: 4/18/10          SHANNON McEVERS

14

15                          _____

16                          SHANNON McEVERS, Individually and as
                            successor in interest of the Estate
17                          of Matthew McEvers

18  DATED: 4/21/10          LYNETTE McEVERS

19

20                          _____

21                          LYNETTE McEVERS, Individually

22

23  DATED: 4.27.10          ANDRÉ BIROTTE JR.
                            United States Attorney
24                          LEON W. WEIDMAN
                            Assistant United States Attorney
25                          Chief, Civil Division

26

27                          _____
                            DAVID A. DeJUTE
28                          Assistant United States Attorney
                            Attorneys for the United States

                                     6

# EXHIBIT 2

**McEvers v. County of Sacramento, et al.**
**Case No.  2:06-CV-02161 LRH RAM**
**Costs**

| DATE | EXPENSE | COST |
|------|---------|------|
| 09/22/09 | Golden State Reporting & Video: Deposition of Kevin Biernet | $875.19 |
| 09/24/09 | Golden State Reporting & Video: Deposition of Robert Duncan | $955.70 |
| 09/30/09 | Golden State Reporting & Video: Deposition of Sandra Hall | $853.49 |
| 10/16/09 | Golden State Reporting & Video: Deposition of Antonio Amador, Part 1 | $626.30 |
| 10/16/09 | Golden State Reporting & Video: Deposition of Mark Groboske | $801.45 |
| 10/16/09 | Golden State Reporting & Video: Deposition of Antonio Amador, Part 2 | $359.68 |
| 11/04/09 | Golden State Reporting & Video: Deposition of Randy Becker | $843.94 |
| 11/18/09 | Golden State Reporting & Video: Deposition of Carolyn Griffen and PMKs | $1,347.81 |
| 11/18/09 | Expert: Mark Holgerson | $300.00 |
| 12/01/09 | Golden State Reporting & Video: Deposition of Gary Yandell | $503.13 |
| 01/13/10 | Airline Travel for Shannon McEvers to attend Mediation with U.S.A. | $533.80 |
| 01/28/10 | Ramirez Arbitration & Mediation: Mediation with U.S.A. | $2,500.00 |
| | **TOTAL:** | **$10,500.49** |